FILED

07/28/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0148

DA 25-0148

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 170N

SUMMER STRICKER, Personal
Representative of the Estate of ALLEN J.
LONGSOLDIER, JR.,

      Plaintiff and Appellant,

   v.

BLAINE COUNTY and HILL COUNTY,

      Defendants and Appellees.

APPEAL FROM:   District Court of the Eighth Judicial District,
                In and For the County of Cascade, Cause No. DV-12-937
                Honorable Robert G. Olson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Patrick F. Flaherty, Daniel J. Flaherty, Flaherty Gallardo Law, Great
            Falls, Montana

            Steven T. Potts, Steven T. Potts, PLLC, Great Falls, Montana

      For Appellee Blaine County:

            Gary M. Zadick, Jordan Y. Crosby, Ugrin Alexander Zadick, P.C.,
            Great Falls, Montana

      For Appellee Hill County:

            Maureen H. Lennon, Molenda L. McCarty, MACo Defense Services
            County Litigation Group, Helena, Montana

Submitted on Briefs: April 8, 2026

Decided:  July 28, 2026

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Summer Stricker, Personal Representative of the Estate of Allen J. Longsoldier, Jr., ("the Estate") appeals the Montana Eighth Judicial District Court's Order Denying Plaintiff's Motion to Exclude the Testimony of Dr. Bulger; Judgment on Special Verdict; and Order Denying Plaintiff's Motion to Alter or Set Aside Judgment. We affirm.

¶3 This is the fourth appeal regarding the civil claims arising from Longsoldier's tragic death. The history of this case is fully detailed in *Blaine Cnty. v. Stricker*, 2017 MT 80, 387 Mont. 202, 394 P.3d 159 ("*Longsoldier I*"), *Stricker v. Blaine Cnty.*, 2019 MT 280, 398 Mont. 43, 453 P.3d 897 ("*Longsoldier II*"), and *Stricker v. Blaine Cnty.*, 2023 MT 209, 414 Mont. 30, 538 P.3d 394 ("*Longsoldier III*"). Only the facts relevant to this proceeding are set forth in this Opinion.

¶4 Before trial, Blaine and Hill Counties ("the Counties") provided notice that they were asserting a settled party defense, pursuant to § 27-1-703(6), MCA, to allow the jury to include Northern Montana Hospital ("NMH") in its apportionment of damages. NMH had settled with the Estate over 10 years prior to the trial of this matter. NMH declined to intervene or defend. The case went to jury trial in November 2024. The special jury verdict form included NMH, along with the Counties, for determining apportionment of fault. The

3

jury awarded the Estate $681,000 in damages, and apportioned fault against Defendants as follows: Hill County – 41%, Blaine County – 15%, NMH – 44%.

¶5      At trial, the Counties called Dr. Thomas Bulger, a retired ER doctor, as an expert witness to testify to the applicable standard of care. The Estate objected to Dr. Bulger's testimony on the basis that he was not qualified pursuant to § 26-2-601, MCA. The District Court overruled the Estate's objection and its motion to strike Dr. Bulger's testimony. The Estate moved to dismiss and for judgment as a matter of law on what it termed to be the Counties' "claims" against NMH. The District Court denied the Estate's motions. After judgment, the Estate moved to alter or amend the judgment based on Dr. Bulger's lack of qualifications under § 26-2-601(1)(a), MCA. The District Court denied that motion.

¶6      Statutory interpretation is a question of law which we review for correctness. *Briese v. Mont. Pub. Emps.' Ret. Bd.,* 2012 MT 192, ¶ 11, 366 Mont. 148, 285 P.3d 550. We review a ruling on a motion for judgment as a matter of law de novo. *Johnson v. Costco Wholesale*, 2007 MT 43, ¶ 18, 336 Mont. 105, 152 P.3d 727. We review the district court's use of a special verdict form for abuse of discretion. *Giambra v. Kelsey*, 2007 MT 158, ¶ 28, 338 Mont. 19, 162 P.3d 134. We review a trial court's rulings on jury instructions for abuse of discretion. *Giambra*, ¶ 28.

¶7      The Estate sets forth five separate issues for appeal, which we reframe in relevant part as follows: (1) whether the District Court erred by permitting an expert medical witness to testify in an action on a malpractice claim against a health care provider without the qualifications required by § 26-2-601(1)(a), MCA; (2) whether the District Court erred by declining to strike the testimony of an expert medical witness who failed to show he

4

was "thoroughly familiar" with the standards of care and practice related to the act or omission that is the subject matter of the malpractice claim, as required by § 26-2-601(1)(b), MCA; (3) whether the District Court erred by failing to dismiss the Counties' claims against NMH as a matter of law; (4) whether the District Court submitted a flawed special verdict form to the jury; and (5) whether the District Court failed to instruct the jury using instructions relating to the Counties' allegations of medical malpractice against NMH.

¶8    In its reply brief the Estate summarizes the five issues as follows:

> The seminal issues on appeal in this case are two-fold: (1) whether § 26-2-601 applies when defendants use expert witness testimony to compare fault pursuant to § 27-1-703(6); and whether § 26-2-601(1)(a) bars a witness from testifying as an expert if he or she has been retired for more than five years. Deciding these issues will decide the bulk of what needs to be decided in this case.

We agree with the Estate's assessment to the extent that the resolution of all the issues, except Issue 4, depend upon the Estate's argument that the Counties' settled party defense constitutes a medical malpractice claim against NMH. We therefore address that threshold argument at the outset.

¶9    In relevant part, § 26-2-601, MCA, provides:

> (1) A person may not testify as an expert witness on issues relating to negligence and standards of care and practice *in an action on a malpractice claim, as defined in 27-6-103*, for or against a health care provider . . . .

(Emphasis added.)

¶10    Section 27-6-103(5), MCA, defines a "malpractice claim" as:

> a claim or potential claim *of a claimant* against a health care provider for medical or dental treatment, lack of medical or dental treatment, or other

5

alleged departure from accepted standards of health care *that proximately results in damage to the claimant*.

(Emphasis added.)

¶11 The Estate argues that the Counties' settled party defense constitutes a medical malpractice claim because when a defendant asserts a settled party defense, § 27-1-703(6)(f)(ii), MCA, provides that the settled party must be afforded the opportunity to "defend against *claims affirmatively asserted*." The Estate's argument confuses the distinction between a claim asserted by a defendant as an affirmative defense, as in § 27-1-703(6)(f)(ii), MCA, and a claim for damages asserted by *the claimant* in a medical malpractice action, as provided for in § 27-6-103, MCA. Section 27-1-703(6), MCA, further illustrates the distinction. In defining a settled party defense, § 27-1-703(6)(a), MCA, provides:

> In an action based on negligence . . . *a defendant* may assert as a defense that the damages of *the claimant* were caused in full or in part by a person with whom *the claimant* has settled or whom the claimant has released from liability.

(Emphasis added.)

¶12 This Court has repeatedly held that we will not interpret a statute beyond its plain language if the language is clear and unambiguous. *Mont. Sports Shooting Ass'n v. State*, 2008 MT 190, ¶ 11, 344 Mont. 1, 185 P.3d 1003 (citing *State v. Letasky*, 2007 MT 51, ¶ 11, 336 Mont. 178, 152 P.3d 1288). "In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA. Plainly, the Counties are not "claimants," as defined either by § 27-6-103(5), MCA, or by

6

§ 27-1-703(6)(a), MCA. The Counties' assertion of a settled party defense does not somehow transform this affirmative defense into a medical malpractice claim against NMH. The Estate's arguments as to all of the issues presented, except Issue 4, must fail on that basis.

¶13 The Estate's sole remaining argument is that the District Court erred by submitting a flawed special verdict form to the jury. In its opening brief, the Estate argues that the special verdict form was deficient because it "failed to ask for the amount of damages arising from Longsoldier's wrongful death, including damages for lost course of life." In its reply brief, the Estate asserts that it "did not see[k] wrongful death damages," but instead it maintains that it was seeking "all damages allowed by law."

¶14 Objections to special verdict forms "must be specific, and must state with particularity the grounds upon which they are made." *Turk v. Turk*, 2008 MT 45, ¶ 16, 341 Mont. 386, 177 P.3d 1013. The Estate argues that it objected to the special verdict form during trial, and "proposed its own special verdict form, thus preserving the record for appeal." The Estate's objection to the special verdict form at trial was to advise the District Court that it "would rather the court submit Plaintiff's proposed verdict form" and to "ask the Court to provide itemized damages for the damages sought at the end of the form, rather than a blanket – a single number." Regarding the Estate's proposed special verdict form, the Estate directs the Court to District Court "Doc. 272, filed 11-18-24." This document is not the Estate's proposed special verdict form; it is a "Motion to Exclude Dr. Bulger and Dismiss Claims Against Northern Montana Hospital." Therefore, it is impossible to know whether the Estate's proposed special verdict form itemized damages

in a manner that it now claims the District Court erred by failing to utilize. Regarding the Estate's objection at trial, a general request for the District Court to provide "itemized damages" without specifying the damages the Estate wanted itemized, does not constitute a specific objection to a special verdict form that states with particularity the grounds for the objection. *Turk*, ¶ 16. The District Court did not abuse its discretion by submitting the special verdict form to the jury.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct. The District Court's rulings were not an abuse of discretion.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ CORY J. SWANSON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE

8